IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIGHAM YOUNG UNIVERSITY, a Utah Non-Profit Education Institution;  DR. DANIEL L. SIMMONS, an individual,, <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER, INC., a Delaware Corporation, G.D. SEARLE & COMPANY, a Delaware Corporation, G.D. SEARLE LLC, a Delaware Limited Liability Company, MONSANTO COMPANY, a Delaware Corporation, and PHARMACIA CORPORATION, a Delaware Corporation, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO QUASH <br><br> Case No. 2:12-mc-143 TS BCW Transferred from USDC Western Dist of OK 5:12-cv-041 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Brooke Wells |

Before the Court is Plaintiffs Brigham Young University and Dr. Daniel Simmons

(collectively "BYU") Motion to Quash.[1]  BYU moves to quash

the Defendants Pfizer, Inc., G.D. Searle & Company, G.D. Searle LLC, Monsanto Company, and Pharmacia Corporation's (collectively "Pfizer") (1) Subpoena to Testify at a Deposition in a Civil Action; and (2) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served on third-party DNA Solutions, Inc. ("DNA Solutions"), an Oklahoma corporation.[2]

Previously this Court denied BYU's motion.[3]  BYU then filed a Motion for

Reconsideration arguing that it did not receive notice of Pfizer's opposition memorandum and

---

[1] Docket no. 9.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the Court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f) (2011).

[2] Mtn. p. 4-5.

[3] Order dated 3/23/12, docket no. 10.  The Court set forth the facts of this case in that decision and does not repeat them here.

thus did not have a chance to respond to Pfizer's arguments.[4]  A reply memorandum is discretionary and unnecessary for the Court to rule on a motion.[5]  But, due to concerns with proper service the Court granted BYU's motion and permitted Plaintiffs to file a reply.[6]  BYU filed its reply on April 20, 2012.[7]

In its reply BYU asserts that Pfizer mischaracterizes the facts relating to the DNA Solutions expert reports.  BYU argues that contrary to Pfizer's allegations, the reports do not support Pfizer's position that BYU's mouse COX-2 clones did not work.  In essence BYU devotes the majority of its reply memorandum to arguments concerning the merits of the underlying case.  These arguments, however, are not helpful to the Court in deciding the instant motion because in its prior decision the Court did not consider the underlying merits of the case in reaching its decision.  Rather, the Court rejected BYU's assertion that this case was analogous to *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*[8] and declined to apply the exceptional circumstances test.  Instead the Court applied a balancing test and found that withdrawing a designation of an expert this late in a case, after that expert had filed a report, an amended report and a supplemental report was prejudicial to Pfizer.[9]  BYU makes no additional arguments in its reply that persuade the Court to alter its prior decision.  Moreover, after a *de novo* review of the arguments of counsel and the facts of this case, even if this Court were to adopt an exceptional circumstances approach, the Court would still deny BYU's motion.  To withdraw an expert at such a late stage in this case after they have filed not one, but in essence

---

[4] Docket no. 13.

[5] *See* DUCivR 7-1(b)(4)(B) ("A reply memorandum to such opposing memorandum may be filed at the discretion of the movant within fourteen (14) days after service of the memorandum opposing the motion.").

[6] Order dated 4/17/2012, docket no. 16.

[7] Docket no. 17.

[8] 2002 WL 1906628 (D. Del. Aug. 14, 2002).

[9] *See* order dated 3/23/12 p. 8-10.

three reports,[10] creates an exceptional circumstance warranting the opposing party being able to rely on that expert designation.

Finally, in its reply BYU asks in the alternative that it (1) "be allotted equal time to ask questions at the depositions; and (2) that BYU be able to designate for trial any testimony coming out of the depositions."[11]  The Court will permit BYU to designate any testimony for trial and it will allow BYU to be present at the depositions and ask questions.  Given the close proximity to trial in this case, however, the Court believes it will be difficult to allot equal time turning what may be a two day deposition into four days.  But, the Court will leave it up to the parties to determine the best method for taking these depositions in a timely and efficient manner.

ORDER

For the reasons set forth above, Plaintiffs' Motion to Quash is DENIED.

DATED this 24 April 2012.

Brooke C. Wells
United States Magistrate Judge

---

[10] As noted by the Court in its prior order, "On February 18, 2011, BYU served an expert report from DNA Solutions outlining its analysis and findings.  This report was amended on June 22, 2011 and a supplemental expert report with additional data comparing BYU's and Pfizer's biological samples was also submitted."  *Id.* at p. 3.

[11] Reply p. 12.